65783-95-121

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| ACCESS REALTY GROUP, INC., BROADVILLE, LLC, BROADVILLE CONDOMINIUMS, LLC, BROADVILLE RETAIL, LLC, WILLIAM J. PLATT, PLATT CONSTRUCTION GROUP, INC., THOMAS PLATT and the GRANVILLE CONDOMINIUM ASSOCIATION, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

No.

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, WEST BEND MUTUAL INSURANCE COMPANY, and as its Complaint for Declaratory Judgment against the Defendants, ACCESS REALTY GROUP, INC., BROADVILLE, LLC, BROADVILLE CONDOMINIUMS, LLC, BROADVILLE RETAIL, LLC, WILLIAM J. PLATT, PLATT CONSTRUCTION GROUP, INC., THOMAS PLATT, and the GRANVILLE CONDOMINIUM ASSOCIATION, states as follows:

**Parties**

1. Plaintiff, WEST BEND MUTUAL INSURANCE COMPANY ("WEST BEND"), is a mutual insurance company organized under the laws of Wisconsin, and authorized to issue policies of insurance in the State of Illinois. WEST BEND's principal place of business is located in West Bend, Wisconsin. WEST BEND is a citizen and resident of Wisconsin.

2. Defendant, ACCESS REALTY GROUP, INC. ("ACCESS"), is an Illinois corporation with its principal place of business in Chicago, Illinois. ACCESS is a citizen and resident of Illinois.

3. Defendant, BROADVILLE, LLC ("BROADVILLE"), is an Illinois limited liability company with its principal place of business in Chicago, Illinois. On information and belief, BROADVILLE's member is WILLIAM J. PLATT. BROADVILLE is a citizen and resident of Illinois.

4. Defendant, BROADVILLE CONDOMINIUMS, LLC, ("BROADVILLE CONDOMINIUMS"), is an Illinois limited liability company with its principal place of business in Chicago, Illinois. On information and belief, BROADVILLE CONDOMINIUMS' member is WILLIAM J. PLATT. BROADVILLE CONDOMINIUMS is a citizen and resident of Illinois.

5. Defendant, BROADVILLE RETAIL, LLC ("BROADVILLE RETAIL"), was an Illinois limited liability company with its principal place of business in Chicago, Illinois. On information and belief, BROADVILLE RETAIL merged with BROADVILLE on or about November 12, 2008. On information and belief, BROADVILLE RETAIL's member was WILLIAM J. PLATT. BROADVILLE RETAIL was a citizen and resident of Illinois.

6. Defendant, PLATT CONSTRUCTION GROUP, INC. ("PLATT CONSTRUCTION") is an Illinois Corporation with its principal place of business in Chicago, Illinois. PLATT CONSTRUCTION is a citizen and resident of Illinois.

7. Defendants, WILLIAM J. PLATT and THOMAS PLATT, are individuals who are citizens and residents of Illinois.

8. Defendant, the GRANVILLE CONDOMINIUM ASSOCIATION ("the ASSOCIATION"), is an Illinois not-for-profit corporation with its principal place of business in Chicago, Illinois. The ASSOCIATION is the governing body of the Granville Condominium located at 1134 West Granville, Chicago, Illinois. The ASSOCIATION is named as a Defendant herein as a necessary party, and to bind it to the Court's judgment. The ASSOCIATION is a citizen and resident of Illinois.

**Jurisdiction and Venue**

9. Jurisdiction is proper under 28 USC § 1332(a)(1) since this is an action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Jurisdiction is also proper under 28 USC § 2201(a) because a case of actual controversy exists in connection with the parties' rights and obligations under certain insurance policies issued by WEST BEND to ACCESS, and this Court has jurisdiction to declare the rights and legal obligations of any party seeking relief.

11. Venue is proper in this Court pursuant to 28 USC § 1391(b)(1) because the Defendants reside in Illinois and in this judicial district. Venue is also proper under 28 USC § 1391(b)(2) because a substantial part of the events and transactions giving rise to the claim occurred in this judicial district.

**Factual Background**

12. On or about December 3, 2015, the ASSOCIATION filed a lawsuit in the Circuit Court of Cook County, Illinois, under General No. 2015 L 012244 against ACCESS, BROADVILLE, BROADVILLE CONDOMINIUMS, BROADVILLE RETAIL and WILLIAM J. PLATT. PLATT CONSTRUCTION and THOMAS PLATT are named in the Complaint as Respondents in Discovery. The ASSOCIATION's Complaint seeks damages relating to the development, construction and sale of condominium units of the Granville Condominium. A copy of the ASSOCIATION's Complaint is attached as Exhibit A.

13. The ASSOCIATION's Complaint alleges that Defendant, BROADVILLE CONDOMINIUMS, was the developer of the Granville Condominium, that construction began on November 6, 2006, and was completed on June 18, 2009, and that sales of condominium units began on December 31, 2008 and ended on January 21, 2013.

14. The ASSOCIATION's Complaint alleges that the Granville Condominium was part of a 12-story building consisting of commercial space on the first floor, a parking garage on

Floors 2 through 4, and the condominium units on Floors 5 through 12. It is further alleged that the commercial space was originally owned by BROADVILLE RETAIL, and was always separate from the Granville Condominium.

15. The ASSOCIATION's Complaint alleges that on November 7, 2008, BROADVILLE RETAIL transferred its interest in the commercial space to BROADVILLE.

16. The ASSOCIATION's Complaint alleges that, on October 31, 2013, after the construction of the Granville Condominium and the sale of condominium units had been completed, BROADVILLE CONDOMINIUMS transferred its remaining interest in the Granville Condominium, which consisted of the ownership of certain parking spaces, to BROADVILLE. As a result of this transfer, the ASSOCIATION alleges that BROADVILLE became the "successor developer."

17. The ASSOCIATION's Complaint alleges that Defendant, ACCESS, was a sales agent for BROADVILLE CONDOMINIUMS in connection with the sale of condominium units of the Granville Condominium. In addition, it is alleged that ACCESS was the property manager for the ASSOCIATION from January 1, 2010 to October 31, 2012.

18. The ASSOCIATION's Complaint alleges that the Granville Condominium was constructed with numerous construction defects which were known to ACCESS, BROADVILLE, BROADVILLE CONDOMINIUMS and WILLIAM J. PLATT as early as September 2010.

19. Count I and Count II of the ASSOCIATION's Complaint seek damages from BROADVILLE CONDOMINIUMS as the developer and seller of the condominium units for the construction defects existing in the Granville Condominium based on breach of contract and breach of the implied warranty of habitability. BROADVILLE is named in Count I and Count II of the ASSOCIATION's Complaint as the "successor developer."

20. Count IV of the ASSOCIATION's Complaint alleges a violation of the Chicago Condominium Ordinance by BROADVILLE CONDOMINIUMS, ACCESS and WILLIAM J. PLATT. It is alleged in Count IV that the Chicago Condominium Ordinance was

violated because purchasers of condominium units were provided with a property report as an inducement to purchase which contained false representations and omissions concerning the condition of the common elements and budgets which did not represent the true cost of ownership of the units. It is further alleged that the unit owners were damaged by the violation of the Chicago Condominium Ordinance because they purchased their units without full knowledge of the condition of the building and the cost of ownership.

21. Count VII of the ASSOCIATION's Complaint is brought against BROADVILLE CONDOMINIUMS, BROADVILLE and WILLIAM J. PLATT and alleges fraudulent transfer in connection with the October 31, 2013 transfer of BROADVILLE CONDOMINIUMS' remaining interest in the Granville Condominium to BROADVILLE.

22. Count VIII of the ASSOCIATION's Complaint is brought against ACCESS in its capacity as property manager. Count VIII alleges that ACCESS breached the management contract with the ASSOCIATION because it knew of the construction defects but failed to advise the ASSOCIATION, failed to repair the defects during the time when BROADVILLE CONDOMINIUMS owned a substantial number of units and would have been responsible for the repair costs, and failed to recommend reasonable budgets for repairs which would have resulted in increased assessments to BROADVILLE CONDOMINIUMS. As a result of the breach of contract, the unit owners were allegedly damaged because they paid for assessments and repairs which should have been paid by BROADVILLE CONDOMINIUMS.

23. WEST BEND issued two liability policies to ACCESS, Policy No. BOJ1747505 and Policy No. CPJ1746680. Both policies are primary policies that cover the policy periods from April 10, 2012 to April 10, 2013 and April 10, 2013 to April 10, 2014. Both policies are Commercial General Liability Policies which cover an insured for damages because of property damage caused by an occurrence. Copies of the WEST BEND Primary Policies are attached as Exhibit B and Exhibit C.

**WEST BEND Does Not Have a Duty to Defend or Indemnify ACCESS, BROADVILLE, BROADVILLE CONDOMINIUMS, BROADVILLE RETAIL, WILLIAM J. PLATT, PLATT CONSTRUCTION and THOMAS PLATT in the ASSOCIATION's Lawsuit**

24. ACCESS, BROADVILLE, BROADVILLE CONDOMINIUMS, BROADVILLE RETAIL, PLATT CONSTRUCTION, THOMAS PLATT and WILLIAM J. PLATT tendered the ASSOCIATION's Complaint to WEST BEND, seeking a defense and indemnity under Policy No. CPJ1746680.

25. BROADVILLE, BROADVILLE CONDOMINIUMS, BROADVILLE RETAIL and PLATT CONSTRUCTION are not entitled to coverage, a defense or indemnity under either WEST BEND Policy in connection with the ASSOCIATION's lawsuit, because none of these parties are an insured on the WEST BEND Policies. To the extent that THOMAS PLATT and WILLIAM J. PLATT are employees of ACCESS, they are insureds on the WEST BEND Policies for acts within the scope of their employment, but are nevertheless not entitled to a defense and indemnity for the ASSOCIATION's lawsuit for the reasons set forth herein.

26. Both WEST BEND Policies contain an endorsement captioned **LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**, which states**:**

> "This insurance applies only to 'bodily injury', 'property damage', 'personal and advertising injury' and medical expenses arising out of:
>
> 1. The ownership, maintenance, or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or
>
> 2. The project shown in the Schedule."

27. The premises stated in the Schedule of the **LIMITATION OF COVERAGE** endorsements are "ONLY LOCATIONS SHOWN ON THE DECLARATIONS"

28. Based on the **LIMITATION OF COVERAGE** endorsement, neither WEST BEND Policy would apply to the ASSOCIATION's lawsuit because the Granville Condominium, which is located at 1134 West Granville, Chicago, Illinois, is not a location shown on the Declarations of either policy.

29. One of the locations shown on the Declarations of Policy CPJ1746680 is 6201-6225 North Broadway St., Chicago, IL, which is the address of the commercial space owned by BROADVILLE. The Policy Classification Schedule of Policy CPJ1746680 states that location 6201-6225 North Broadway is 33,000 square feet and the coverage is described as "BUILDING OR PREMISES – BANK OR OFFICE – MERCANTILE OR MANUFACTURING – MAINTAINED BY THE INSURED (LESSOR'S RISK ONLY) OTHER THAN NOT-FOR-PROFIT INCLUDING PRODUCTS-COMPLETED OPERATIONS." The Policy Classification Schedule and the **LIMITATION OF COVERAGE** endorsement evidence the intent to limit the coverage under Policy CPJ1746680 to the commercial space.

30. Based on the **LIMITATION OF COVERAGE** endorsement and the Classification Schedule, Policy No. CPJ1746680 would not apply to the ASSOCIATION's lawsuit because the suit does not seek damages arising out of the ownership, maintenance or use of 6201-6225 North Broadway St., Chicago, IL, or operations necessary or incidental to that premises.

31. In the alternative, should the Court find that Policy CPJ1746680 applies to the ASSOCIATION's lawsuit, notwithstanding the **LIMITATIONS OF COVERAGE** endorsement, ACCESS, and THOMAS PLATT and WILLIAM J. PLATT to the extent they are employees of ACCESS, are not entitled to a defense or indemnity for one or more or all of the following reasons:

    a. Count IV of the ASSOCIATION's Complaint which seeks damages for the violation of the Chicago Condominium Ordinance by ACCESS does not seek damages for property damage caused by an occurrence, and therefore is not potentially covered by the WEST BEND Policies;

    b. Count VIII of the ASSOCIATION's Complaint which seeks damages for ACCESS' breach of the Management Contract does not seek damages for property damage caused by an occurrence and, therefore, is not potentially covered by the WEST BEND Policies.

    c.    The allegations of the ASSOCIATION's Complaint and the exhibits attached thereto establish that the ASSOCIATION's construction defect claim was a known loss at the time the first WEST BEND Policy went into effect on April 10, 2012, thereby negating potential coverage for the ASSOCIATION's lawsuit.

32.    In the alternative, should the Court find that BROADVILLE is an insured on Policy No. CPJ1746680 and that the policy applies to the ASSOCIATION's Complaint notwithstanding the **LIMITATION OF COVERAGE** endorsement, BROADVILLE, and THOMAS PLATT and WILLIAM J. PLATT to the extent they are employees and/or members of BROADVILLE, are not entitled to a defense and indemnity for one or more or all of the following reasons:

    a.    Count I and Count II of the ASSOCIATION's Complaint seek to impose liability on BROADVILLE as successor to BROADVILLE CONDOMINIUMS. However, the policy states that "No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations." BROADVILLE CONDOMINIUMS is not a named insured on the policy; therefore, BROADVILLE is not insured with respect to Count I and Count II since liability under these Counts is based on the conduct of BROADVILLE CONDOMINIUMS.

    b.    Count VII of the ASSOCIATION's Complaint which seeks to impose liability on BROADVILLE for the fraudulent transfer of BROADVIEW CONDOMINIUMS' remaining interests in the Granville Condominium to BROADVILLE does not seek damages for property damage caused by an occurrence and, therefore, is not potentially covered by the WEST BEND Policies.

    c.    The allegations of the ASSOCIATION's Complaint and the exhibits attached thereto establish that the ASSOCIATION's construction defect claim was a known loss at the time the first WEST BEND Policy went into effect on April 10, 2012, thereby negating potential coverage for the ASSOCIATION's lawsuit.

33. ACCESS' tender of the ASSOCIATION's lawsuit to WEST BEND references WEST BEND Policy CUJ1746682, an Umbrella Liability Policy issued to ACCESS which covers the same policy periods as WEST BEND Primary Policies CPJ1746680 and BOJ1747505. The Umbrella Policies are attached as Exhibit D. The Umbrella Policies do not provide coverage for the ASSOCIATION's Complaint for the same reasons that the primary policies do not cover the ASSOCIATION's Complaint.

WHEREFORE, Plaintiff, WEST BEND MUTUAL INSURANCE COMPANY, respectfully requests that this Court enter an order finding and declaring as follows:

A. WEST BEND MUTUAL INSURANCE COMPANY has no duty to defend or indemnify ACCESS REALTY GROUP, INC., BROADVILLE, LLC, BROADVILLE CONDOMINIUMS, LLC, BROADVILLE RETAIL, LLC, WILLIAM J. PLATT, PLATT CONSTRUCTION GROUP, INC. and THOMAS PLATT in the GRANVILLE CONDOMINIUM ASSOCIATION's lawsuit because the Granville Condominium is not a scheduled premises on any policy of insurance issued by WEST BEND.

B. WEST BEND MUTUAL INSURANCE COMPANY has no duty to defend ACCESS REALTY GROUP, INC., BROADVILLE, LLC, BROADVILLE CONDOMINIUMS, LLC, BROADVILLE RETAIL, LLC, WILLIAM J. PLATT, PLATT CONSTRUCTION GROUP, INC. and THOMAS PLATT in the GRANVILLE CONDOMINIUM ASSOCIATION's lawsuit under Policy CPJ 1746680 because coverage under this policy is limited to the commercial space located at 6201-6225 North Broadway Street, Chicago, Illinois, and the ASSOCIATION's lawsuit does not seek damages arising out of the ownership, maintenance or use of this premises.

C. WEST BEND MUTUAL INSURANCE COMPANY has no duty to defend or indemnify BROADVILLE, LLC, BROADVILLE CONDOMINIUMS, LLC, BROADVILLE RETAIL, LLC and PLATT CONSTRUCTION GROUP, INC. in the GRANVILLE

CONDOMINIUM ASSOCIATION's lawsuit because they are not insureds under any policy of insurance issued by WEST BEND.

D. In the alternative, WEST BEND MUTUAL INSURANCE COMPANY has no duty to defend or indemnify ACCESS REALTY GROUP, INC. and BROADVILLE, LLC because the claims brought against them in the ASSOCIATION's lawsuit do not seek damages for property damage caused by an occurrence.

E. In the alternative, WEST BEND MUTUAL INSURANCE COMPANY has no duty to defend or indemnify ACCESS REALTY GROUP, INC. and BROADVILLE, LLC because the claims brought against them in the ASSOCIATION's lawsuit are a known loss.

F. In the alternative, WEST BEND MUTUAL INSURANCE COMPANY has no duty to defend or indemnify BROADVILLE, LLC for the claims alleged in Count I and Count II of the ASSOCIATION's Complaint because these counts seek to impose liability on BROADVILLE, LLC for the conduct of BROADVILLE CONDOMINIUMS, LLC, and BROADVILLE, LLC. is not insured for this liability under the WEST BEND Policies.

G. For other relief as this Court deems just and appropriate.

Respectfully submitted,

By:

/s/ Thomas F. Lucas
One of the Attorneys for Plaintiff,
WEST BEND MUTUAL INSURANCE COMPANY

Thomas F. Lucas, Esq.
Kelly E. Purkey, Esq.
McKenna Storer
33 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
312/558-3900